**Sandra K. BRANCH, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 01–5660.**

United States Court of Appeals, Sixth Circuit.

June 21, 2002.

Before COLE and GILMAN, Circuit Judges; MILLS, District Judge.*

*ORDER*

Sandra K. Branch appeals a district court order granting judgment for the defendant after the Commissioner of Social Security denied her application for social security disability benefits. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Branch filed her application for disability benefits, alleging that she was disabled because she suffered from coronary artery disease, back pain, headaches, and a mood disorder. Upon review of Branch's application, the administrative law judge (ALJ) concluded that she suffered from the severe impairments of status post pacemaker surgery, coronary artery disease, right shoulder impingement, and a depressive disorder, but she did not have an impairment or combination of impairments that met or equaled the requirements set forth in the Commissioner's Listing of Impairments. The ALJ also concluded that Branch retained the residual functional capacity (RFC) to occasionally lift and carry twenty pounds and frequently lift and carry ten pounds. She could sit and walk up to six hours in an eight hour day, and she could occasionally climb and balance. She could not work around unprotected heights, moving and hazardous machinery, and extreme temperatures. She also was moderately restricted in her ability to reach overhead with her right extremity. As to Branch's mental status, the ALJ concluded that she had moderate limitations in her ability to deal with the public, interact with supervisors, deal with work stresses, maintain attention and concentration, understand and carry out complex job instructions, behave in an emotionally stable manner, and demonstrate reliability. Lastly, she was slightly limited in her ability to follow work rules, relate to co-workers, use judgment, function independently, understand and carry out detailed job instructions, maintain personal appearance, and relate predictably in social situations. In light of this RFC, the ALJ determined that, although Branch was not capable of performing her past relevant work, she was capable of performing other work available

_____

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-nois, sitting by designation.

in the regional and national economy. Therefore, Branch was not disabled.

Following the Appeals Council's decision affirming the ALJ's determination, Branch sought judicial review of the Commissioner's decision. Over her objections, the district court adopted the magistrate judge's report and recommendation, concluded that substantial evidence existed to support the Commissioner's decision, and granted judgment for the defendant. In this timely appeal, Branch argues that: 1) the ALJ improperly determined that her testimony was not credible; 2) the ALJ improperly disregarded the findings of her treating therapist; and 3) she suffered from disabling pain.

Upon review, we conclude that the district court properly affirmed the Commissioner's decision. Judicial review of the Commissioner's decision is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were employed in reaching the conclusion. *Garcia v. Sec'y of Health & Human Servs.*, 46 F.3d 552, 555 (6th Cir. 1995). This court cannot review the ALJ's determination of Branch's credibility. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir.2001). Further, the findings of Branch's therapist did not compel a finding that Branch was disabled. Lastly, Branch has not established that she suffers from debilitating pain. *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir.1994).

Accordingly, this court affirms the district court's judgment.